JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>    Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers)**

<u>**ORDER RE: BANKRUPTCY APPEAL**</u>

**I.
INTRODUCTION**

  This action arises out of involuntary Chapter 11 bankruptcy proceedings of debtors Ezri Namvar ("Namvar") and NamCo Capital Group,Inc. ("NamCo") (collectively, the "Bankruptcy Estates").  The Bankruptcy Estates' Trustee ("Trustee") instituted adversary proceedings against Nader & Sons, LLC and Sisko Enterprise, LLC (collectively, "Appellees") asserting claims of fraudulent and preferential transfers.  Success on these claims required the Trustee to present evidence of the debtor's insolvency at the time of the transfers.

  The Trustee's claim failed because the bankruptcy court struck Trustee's only proffered evidence of insolvency, the expert testimony of David H. Judd ("Judd"), including Judd's Trial Declaration, the December 2012 Report attached thereto, and Judd's Reply Declaration. ([Docket No. 15 Trustee's Opening Brief ("Mem.")] at 25.)  The bankruptcy court based its ruling on Trustee's failure to comply with the Federal Rules of Civil Procedure which were implemented through the bankruptcy court's orders regarding the disclosure of expert testimony and the presentation of evidence at trial.  The bankruptcy judge concluded that Appellees would suffer substantial prejudice if the Trustee were permitted to present evidence without complying with the court's orders whose very purpose was to create a level playing field and insure fairness to all parties.  Trustee appeals the bankruptcy court's rulings.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

    The Court concludes that this matter is appropriate for disposition without oral argument. Fed. R. Civ. P., Rule 78(b); Local Rule 7-15. For the reasons set forth below, this Court **AFFIRMS** the holding of the bankruptcy court on all accounts.

## II.
## BACKGROUND

**A.  BACKGROUND[1]**

    On May 5, 2011, the Trustee of the Bankruptcy Estates filed an adversary proceeding against Appellees, asserting causes of action to avoid and recover fraudulent and preferential transfers, and for conspiracy to engage in fraudulent transfers. (Docket No. 17 [Excerpts of Record, Vol. I ("ER I")] at Tab 1 [Second Amended Complaint ("SAC")] at 6-9.) Insolvency is an essential element of each cause of action. (See id.) Proof of insolvency ordinarily requires the presentation of expert accounting testimony. The disclosure of such testimony and its presentation at trial were the subject of the bankruptcy court's scheduling and trial management orders.

    According to the bankruptcy court's Revised Scheduling Order, the date for exchange of expert designations and reports was October 28, 2011 and the deadline for exchange of rebuttal expert designations and reports was November 28, 2011. (Docket No. 19-2 [Excerpts of Record, Vol. II ("ER II")] at Tab 31 [Findings of Fact and Conclusions of Law ("Findings")] at 2, § 1 (quoting the Revised Scheduling Order in relevant part).) With respect to the use of properly designated and disclosed expert testimony at trial, the bankruptcy court's Order Re Presentation of Evidence by Declarations for Court Trial, in relevant part, mandated that "(a) . . . each party shall present the testimony of all of its witnesses through declarations of said witnesses . . . . (b) The only oral testimony which may be offered at trial by a party through its witnesses will be **STRICTLY** limited to rebuttal testimony . . . . [and] (c) If portions of a witness' declaration concerns an exhibit to be admitted into evidence at trial, the exhibit must be attached to the declaration." (Id. at 3, § 9 (emphasis in original).)

    Trustee's expert Judd provided the sole evidence of the Bankruptcy Estates' insolvency. (See Mem. at 2-3.) The Parties agree that Trustee timely served Judd's Initial Report on

---

    [1]  As the Court finds the issue on appeal to be independent of the facts of the underlying bankruptcy case, no such underlying facts will be described herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

Appellees on October 28, 2011 (the "Initial Report"). (Findings at 2, § 2; Mem. at 3; Docket No. 20 Appellee's Brief ("Opp.") at 7.) More than a year after the mandated date for disclosure of rebuttal reports and on the eve of trial, Trustee mailed Appellees' Counsel another expert report from Judd in December 2012 (the "December 2012 Report"). (Findings at 4, § 10.) On December 27, 2012, Trustee filed the Trial Declaration of Judd ("Judd's Trial Declaration"), which had only the December 2012 Report attached. (Id.)

On January 17, 2013, Appellees filed objections to Judd's Trial Declaration and the December 2012 Report. (Id. at § 11.) Despite being given an opportunity to reply, Trustee never filed a brief responding to Appellee's objections.[2] (Id. at 5, § 15.) Instead, Trustee filed another declaration from Judd as a Reply Declaration on February 6, 2013 ("Judd's Reply Declaration"), which had no exhibits attached. (Id. at § 12.) On February 14, 2013, Appellees filed their objections to Judd's Reply Declaration. (Id. at § 16.)

The Initial Report appeared on Trustee's Exhibit List, but the December 2012 Report did not. (See id. at 2-3, § 6.) However, the Initial Report was never submitted as evidence by Appellees, as an attachment to any declaration, or otherwise. (Id. at 4-5, § 14.) Trustee never filed a motion or otherwise requested the court to amend Trustee's Exhibit List to include the December 2012 Report. (Id. at 5 § 18.) In short, Trustee failed to offer any expert report – either the Initial Report or the challenged December 2012 report – through any means permitted by the bankruptcy court's trial order.

On the day of trial, the bankruptcy court questioned the Parties regarding the two expert reports; Trustee offered no persuasive reason for basing his presentation on the belated December 2012 Report. (Docket No. 19 and 19-1 [Excerpts of Record , Vol. III ("ER III")] at Tab 26 [Transcript of Trial Hearing on February 27, 2013 ("Trial Trans.")] at 27 (The bankruptcy court inquired: " . . . but there were no new facts coming to light with Mr. Judd. He looked at things. Nothing new came about, did it?" and Trustee's Counsel responded only that Judd "felt that there was a – another way of treating the data, a little more appropriate way of treating the data . . . .").) Not only did the Trustee not have a good explanation for offering the

---

[2] At trial, Trustee contended that he believed he was not permitted to do so. (See Docket No. 19 and 19-1 [Excerpts of Record , Vol. III ("ER III")] at Tab 26 [Transcript of Trial Hearing on February 27, 2013 ("Trial Trans.")] at 2-5.) The Court finds that the bankruptcy court's order was sufficiently clear that Trustee could have filed a reply brief. However, as noted, infra, the Court does not rely on the issue of waiver to dispose of the case, instead resolving it on the merits, thus Trustee's failure to file a reply is of no consequence to the outcome here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx)<br>USBC Central District of California - Los Angeles,<br>2:08-bk-32349-BR<br>     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

late report as evidence, he never moved to amend the exhibit list to include the late report and never offered the initial report into evidence despite having included it on the Exhibit List. (See Trial Trans. at 24-25 (Trustee's Counsel stating that they "ha[d] not put the original exhibit on Mr. Judd's . . . testimony . . .) (intermingled words of others omitted); Id. at 25 (Trustee's Counsel agreeing that the Initial Report hadn't been offered.); Id. at 22 (Appellees' Counsel asserting while "[i]t was listed on the exhibit list . . . [that Trustee] ha[d]n't tried to introduce it into evidence."); Id. at 37 (Court noting that "the original report [the Initial Report] was never offered to begin with – it was listed as an exhibit, but it has never been offered.") Thus, without any evidence of insolvency, the bankruptcy court found it had no choice but to find for the Bankruptcy Estates. (Id. at 35.)

**B. QUESTIONS ON APPEAL**

     Trustee now appeals the bankruptcy court's rulings. Although Trustee claims that the bankruptcy court's rulings raise several questions, the appeal essentially asks this Court to hold that the bankruptcy court improperly excluded Trustee's proffered expert testimony and reports at trial. As discussed below, the Court concludes that the bankruptcy court committed no error and that it properly exercised its discretion to exclude the evidence and find for defendants.

**III.
DISCUSSION**

**A. STANDARDS OF REVIEW**

     The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's "conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." In re Taylor, 599 F.3d 880, 887 (9th Cir. 2010).

     Evidentiary exclusions, including exclusion of evidence for violating a scheduling order or other pretrial order, are reviewable under the abuse of discretion standard. Fed. R. Civ. P. 16(f)(1)(c); United States v. Stinson, 647 F.3d 1196, 1210 (9th Cir. 2011) (noting "a district

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) USBC Central District of California - Los Angeles, 2:08-bk-32349-BR     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

court's evidentiary rulings [are reviewed] for abuse of discretion"); see also, United States v. Lummi Indian Tribe, 841 F.2d 317, 320 (9th Cir. 1988). A trial court does not abuse its discretion in "exclud[ing] evidence not in accordance with a pretrial order when the party seeking to introduce the evidence offers no justification for delay." Lummi, 841 F.2d at 320 (holding district court did not abuse discretion in excluding expert not listed on a witness list because party did not advance justification for delay in doing so).

**B. APPLICATION**

  **1. THE PROPRIETY OF EXCLUDING JUDD'S TESTIMONY**

  Trustee attacks the remedy chosen by the bankruptcy judge who struck evidence from the record when confronted with indisputable violations of his pre-trial and trial orders. Trustee contends that Judd's testimony should not have been stricken and that the remedy chosen to address Trustee's violations was unduly drastic. This Court disagrees.

  The proper conduct of pre-trial and trial procedures resides in the discretion of the trial court. Rule 16(a), Fed. R. Civ. P., authorizes the trial court to conduct as many conferences as needed to, among other things, "improv[e] the quality of the trial through more thorough preparation . . . ." To that end, the trial court "***must*** issue a scheduling order" that includes dates for pre-trial conference and trial. Fed. R. Civ. P., Rule 16(b). (Emphasis added.) The trial court is encouraged to hold a final pretrial conference "to formulate a trial plan, including a plan to facilitate the admission of evidence." Rule 16 works hand in glove with Rule 26 which mandates timely and complete disclosure of expert witnesses and reports, among other things. Fed. R. Civ. P., Rule 26(a)(2).

  Where these rules, or a court order authorized by these rules is violated, the trial court may impose sanctions. See Fed. R. Civ. P., Rules 16(f)(1)(C) and Rule 37(b)(2)(A)(ii-vii). The sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, ***or from introducing designated matters in evidence.***" Id., Rule 37(b)(2)(A)(ii).

  Trustee argues that a less drastic remedy should have been imposed because his compliance was neither prejudicial to Appellee nor unjustified. However, the case cited in support of that proposition involved complete dismissal of an action. Malone v. U.S. Postal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx)<br>USBC Central District of California - Los Angeles,<br>2:08-bk-32349-BR<br>    Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

Serv., 833 F.2d 128, 130 (9th Cir. 1987). Under Malone and in other similar cases, a five-factor test was applied to determine whether a trial court's sanction constituted an abuse of discretion.[3] However, when the sanction involves the exclusion of evidence, that test is not applicable. See In re Central European Indus. Development Co., 427 B.R. 149, 164 (Bankr. N.D.Cal. 2009); Univ. of Pittsburgh v. Hendrick, 2006 WL 6837606 at *1 (C.D.Cal. Oct. 3, 2006). Where the case involves the exclusion of evidence, the party in violation of the court's order must show that its conduct was "substantially justified or harmless." In re Central European, 427 B.R. at 164, quoting Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

There is nothing in the record to support a claim by Trustee that his conduct was "substantially justified." Trustee has been involved in this particular bankruptcy for years as indicated by the bankruptcy docket. The expert timely reviewed the evidence bearing on insolvency and rendered a detailed report in the fall of 2011. It would have been possible for the expert to change directions and render a new report without prejudice to the Appellees if the expert had acted expeditiously, but he did not. Rather, at some point he decided that a different approach to the data should be taken which resulted in a new report that was not disclosed until more than a year after any rebuttal report was to be disclosed and shortly before the case was scheduled for trial. For that behavior, Trustee offers no reason at all, let alone a good reason that might show the delay to be "substantially justified." Moreover, to suggest that a new approach to a complex accounting question like insolvency is harmless to one's opponents is self-refuting. The entire purpose of Rule 26(a)(2) is to apprise the litigants of the "complete statements of all opinions" of the expert and all of the facts and data considered in reaching those opinions. Providing a new report just before trial with a new approach to the insolvency question fails to achieve that objective.

---

[3]That test has been articulated as follows:

Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (1986) (per curiam)).

In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>    Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

  But even assuming that the five factor test applies, application of the test supports the bankruptcy judge's rulings. As noted in In re PPA Litigation, "[t]hese factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" Id. Clearly the bankruptcy judge was thinking about these factors as he considered prejudice to appellees, the timeliness of the late disclosure and its potential impact on the timely conduct of the trial, and his ability to manage his docket in the face of Trustee's failures to meet his obligations to the court. The trial court made explicit findings that bear on his exercise of discretion in excluding Judd's testimony and the December 2012 report. Essentially Trustee argues that the report added nothing and was mandated by Rule 26(e), Fed. R. Civ. P., and therefore was timely. Trustee also argues that the finding of prejudice is unsupported by the record. Accordingly, if the evidentiary record supports the bankruptcy court's findings of fact on the key issues, the bankruptcy court acted properly in concluding that Judd's Supplemental Report should not be admitted and striking Judd's testimony. The Court therefore turns to those findings to determine whether they are supported by the evidentiary record.

  **2. FINDINGS INVOLVING THE JUDD REPORT AND "REBUTTAL" DECLARATION**

  *a. Finding 17: The December 20 [2012] Report Did Not Merely Supplement Mr. Judd's Initial Report, But Instead Made Significant, Material Changes to the Initial Report*

  The bankruptcy judge found that:

> The December 20 [2012] Report did not merely supplement Mr. Judd's Initial Report, but instead made significant material changes to the Initial Report, as described in the examples provided by Appellees in paragraphs 15 to 18 of their objection the Judd Reply Declaration . . . and at trial.

(Findings at 5, § 17 (docket citation omitted).) Here, the Court finds that the bankruptcy court's finding of fact has substantial support in the record and was not clearly erroneous.

  Trustee argues the December 2012 Report did not contain any significant, material changes from the Initial Report because "the alternative analyses presented in [the December 2012 Report] did not change [Judd's] opinion" that Appellees were insolvent at the relevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx)<br>USBC Central District of California - Los Angeles,<br>2:08-bk-32349-BR<br>    Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

dates. (Mem. at 16-17.) Trustee contends this remains true independent of: the references "to the effect of the alternative approaches on the amount by which NamCo was insolvent;" the "inclusion of a cash-flow analysis dating back to 2004;" the "expansion of the ongoing concern analysis and the inclusion of a Selected Approaches section;" the references "to advances made by NamCo to properties lost in foreclosure;" and the "adjustment of the amount of Namvar's guaranties from $145 million to $142 million." (Id. at 18-19.) The final change, adjusting Namvar's guaranties purportedly was "simply to correct an arithmetic error." (Id. at 19.) Overall, because the December 2012 Report "merely disclosed an alternative presentation of the data used in the [Initial Report], but the opinion and the data upon [which] it was based were the same," Trustee asserts the changes were not material or significant. (Mem. at 22.)

     Trustees' argument ignores the thrust of the Federal Rules of Evidence, controlling case law and common sense. Federal Rules of Evidence, Rule 702, requires that an expert's testimony must be based on sufficient facts and data and be the product of reliable principles and methods that have been reliably applied. See also Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 595 (9th Cir. 1993) (regarding the admissibility of an expert opinion, "[t]he focus, of course, must be solely on principles and methodology, not on the conclusions that they generate) (emphasis added); Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1318 (9th Cir. 1995) (a court's task "is to analyze not what the experts say, but what basis they have for saying it."); see also, Claar v. Burlington N.R.R., 29 F.3d 499, 502-03 (9th Cir. 1994) (whether the experts failed to consider obvious alternative explanations for condition relevant in determination of admissibility of expert testimony). Because the totality of the expert's considerations and his application of a reliable methodology are at least as important as his conclusions, changes in an expert's methodology or the addition or expansion of alternative methods considered by the expert in forming his opinions are necessarily material and significant. Furthermore, as insolvency is a required element of all of Trustee's claims, both Parties were aware that the presentation of evidence of such insolvency would be crucial to Trustee's case. (See SAC at 6-9.) Consequently, changes to the Initial Report, which was the only evidence addressing the existence or magnitude of Appellees' insolvency, were therefore, extremely critical to the determination of the case as a whole. Accordingly, the Court will analyze the changes between the Initial Report and the December 2012 Report and evaluate the impact they have on not only Judd's opinion, but also his methodology leading to those opinions and alternative methods he considered, regardless of whether they ultimately changed his ultimate opinion regarding Appellee's insolvency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

First, the December 2012 Report "adjust[ed] NamCo's positive net worth . . . <u>down to a negative net worth</u>." (Opp. at 13-14 (emphasis in original).) As Judd's expert testimony addressed NamCo and Namvar's insolvency, this change goes to the heart of his testimony's purpose, and is thus significant and material.

Second, the December 2012 Report changed the "estimate[] [of] Namco's [sic] negative net worth . . . [to] present[] a much closer question" regarding insolvency and "<u>significantly changed the discussion of 'Assessment of Solvency—Balance Sheet Insolvency</u>.'" (<u>Id.</u> at 14 (emphasis in original).) Again, as Judd's testimony focused on insolvency, anything impacting the method of evaluating insolvency and Judd's opinion regarding the magnitude of insolvency is significant and material, especially where it could create a borderline question of the existence of insolvency.

Third, the December 2012 Report added "<u>a cash flow analysis going back to 2004</u> that was not in the" Initial Report. (<u>Id.</u> (emphasis in original).) Appellees point out that it appears the motivation for such addition was to conform to the requisite period at issue in this litigation, dating back to 2003. (<u>Id.</u>) Even if, as Trustee contends, Judd's opinion did not rely on this cash flow analysis, once again, the means by which Judd determined the appropriate method for arriving at his opinion is highly important to his testimony overall. Thus, the addition of consideration of another entire model is significant and material.

Finally, the December 2012 Report: "(a) . . . expand[ed] the going concerns analysis . . . . ; (b) [a]dde[ed] an entirely new discussion of 'Selected Approaches' on valuation . . . . ; (c) [a]dd[ed] in the new report that Namco [sic] advanced at least $75 million to properties lost in foreclosure and over $100 million for the acquisition of vacant land that was lost . . . . ; (d) . . . add[ed] item 33 in the list of documents reviewed, which is 'Namco [sic] database of electronically stored information,' . . . . ; [and] (e) [increased the] total amount of guarantees by Ezri Namvar" by over $3 million. (<u>Id.</u> at 14.) These reflect the same significant and material changes as described above and each impacts Judd's formation of his opinion regarding Appellees' insolvency and the breadth of alternate methods he considered in arriving at his opinion.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) USBC Central District of California - Los Angeles, 2:08-bk-32349-BR     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

This review demonstrates that, although Judd's ultimate opinion on insolvency may not have changed, the facts considered and the methods used to reach his opinion changed significantly. This was made abundantly clear when even the Trustee, in response to questioning from the bankruptcy court regarding the parties' views of the changes between the Initial Report and the December 2012 Report, acknowledged the addition of new items, including "the inclusion of those uncollectible notes, . . . assets, reduc[ing] the amount by which NamCo was insolvent." (Trial Trans. at 11.) The record plainly reflects that such changes were significant and material, in some instances changing the valuation of Appellees' insolvency by millions of dollars, adding wholly new or expanding upon alternative methods considered, or greatly expanding the existing analyses of insolvency.[4]

In these circumstances, there was no clear error in the bankruptcy court's ruling.

> ***b. Finding 13: Judd's Reply Declaration Was Not a True Rebuttal Declaration Because It Did Not Reply to Any Evidence Presented by Appellees in Response to Judd's Trial Declaration or the December 2012 Report, Given that Appellees Presented No Such Evidence***

The next contested finding of fact entered by the bankruptcy court reads as follows:

---

[4]Trustee also attacks this finding in a challenge to Conclusion No. 3, which essentially reiterated this finding with citations to case law holding that supplemental disclosures are not intended to provide an opportunity to submit late reports or to introduce new opinions and analysis. Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998); North view Estates, GP v. Yreka Holdings, 2010 U.S. Dist. LEXIS 57800, at *3 (E.D. Cal. Jan. 13, 2010) (existing expert's disclosure not to be used as a placeholder to spring new opinion on opponent at "the eleventh hour"). The trustee used that challenge to again assert that the December 2012 Report was merely a Rule 26(e)(2) supplement and therefore in compliance with the time limits of Rule 26(a)(3)(B). But there is nothing in the record to suggest that Trustee learned that the first report was incomplete or incorrect based on new information that came into his possession after the first report had been disclosed. The bankruptcy court inquired into this question and was advised that the expert had, on reflection, concluded that there was a more appropriate way of treating the data. (Trial Trans. at 27.) That statement supports the bankruptcy court's conclusion that the second report was not a supplement but a re-do.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>      Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

> The Judd Reply Declaration was not a true rebuttal declaration because it did not reply to any evidence presented by Appellees in response to the Judd Trial Declaration or the December 20 [2012] Report, given that Appellees presented no such evidence with the declarations that they filed on January 17, 2013, and the supporting exhibits.

(Findings at 4-5, § 13 (docket citation omitted).) The bankruptcy court's finding has substantial support in the record before it.

Trustee argues that Judd's Reply Declaration "explain[ed] the [December 2012 Report] and the reasons therefor, and specifically stat[ed] that the [December 2012 Report] did not change [Judd's] ultimate opinion regarding Namvar and Namco's insolvency." (Mem. at 6; Id. at 8 ("[T]he Judd Reply Declaration . . . demonstrate[d] Judd's opinion remained the same as between the [Initial] Report and the [December 2012 Report].").) According to Trustee, Judd's Reply Declaration "explain[ed] the alternate analyses" of the same data. (Id. at 17.) Trustee also contends that Judd's Reply Declaration, in connection with Trustee's Counsel's oral answers at trial "answered each of the specific objections raised for the first time in Appellees' Evidentiary Objections." (Id. at 7.)

Trustee never filed a reply brief in answer to Appellees' objections to Judd's testimony.[5] (See Findings at 5, § 15.) Instead, Trustee contends that Judd's Reply Declaration and Counsel's arguments at trial replied to Appellees' objections. (Id.; Mem. at 7; Id. at 16-17 ("most of [Appellees'] objections had already been explained in the Judd Reply Declaration, and the remainder were explained by counsel at trial.").) However, Appellees did not present any evidence with the declarations and supporting exhibits they filed on January 17, 2013. (Id. at 4-5, § 13.) In short, Judd's Reply Declaration cannot possibly be characterized as a rebuttal declaration because it does not address any evidence offered by Appellees.

---

[5] The Court is cognizant of Appellees' argument regarding Trustee's waiver of the issues raised on appeal based on Trustee's failure to respond to Appellees' objections by brief or motion. (See Opp. at 11-12.) However, in a great abundance of caution, so that the matter may be fully analyzed on the merits, and finding that the outcome of the analysis on the merits is the same as if waiver had applied, the Court undertakes the forthcoming analysis without deciding the issue of waiver.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx)<br>USBC Central District of California - Los Angeles,<br>2:08-bk-32349-BR<br>     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

There was no clear error in the bankruptcy court's ruling.

### 3. FINDINGS OF FACT REGARDING PREJUDICE TO APPELLEES IF JUDD'S TESTIMONY WAS ADMITTED

Trustee argues that the bankruptcy court erred when it struck Judd's testimony because there "was no evidentiary basis for such exclusion." (Mem. at 7.)   In general, the bankruptcy court concluded that admission of the testimony would be prejudicial to Appellee's if it were admitted.  As there are multiple components to Judd's testimony, and multiple findings of fact regarding those different components, the Court addresses them separately below.

### *a. Finding 20: It Would Be Prejudicial to Appellees for the Court to Allow the Initial Report Into Evidence*

The bankruptcy court found as follows:

> Had [Trustee] made a motion within a reasonable time after producing the Initial Report on the Court-ordered deadline of October 28, 2011, to obtain permission from the Court to replace the Initial Report with an updated report, the Court might have been able to craft an order enabling Appellees to avoid potential prejudice well before trial by, for example, allowing Mr. Judd's deposition to be conducted at that point on the updated report, allowing follow-up discovery after that deposition, and allowing Appellees to designate a rebuttal expert.  [Trustee] and Mr. Judd, however, waited until just over two months before trial, which [was] more than six weeks after the Court set the February 27, 2013 trial date at the pretrial conference on November 6, 2012, to submit the December 20 Report attached to the Judd Trial Declaration, knowing that (1) there were intervening holidays that followed; (2) Appellees only had until January 17, 2013, to respond pursuant to the Order re Presentation of Evidence; and (4) most importantly, Appellees' right to designate a rebuttal expert had ended in November 2011 pursuant to the Revised Scheduling Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>     Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

(Findings at 5-6, § 22.)

The Parties agree that the Initial Report was timely served before the deadlines set by the bankruptcy court. (Id. at 2, § 2; Mem. at 3; Opp. at 7) Accordingly, the Initial Report was tentatively available as a trial exhibit. Because this was the only timely served report, Appellees made several strategic decisions, including declining to designate a rebuttal expert or to depose Judd. (ER III, Tab 24 [Obj. to Judd Reply Decl.] at 11 [Declaration of Daniel J. McCarthy ("McCarthy Decl.")], § 3.) The Trustee attempted to do an end run around the strategy by attaching the *December 2012 Report* to Judd's trial declaration without either offering the Initial Report into evidence or seeking to amend the exhibit list to add the December 2012 Report.[6] Had the bankruptcy court allowed the use of the December 2012 Report, that strategy would have been completely thwarted in an unfair way. To have allowed the use of the December 2012 Report which was not prepared or disclosed in timely fashion, or the use of the Initial Report which was never submitted as required by declaration would have severely prejudiced Appellees at trial.

For the first time orally at trial and re-asserted again in his appellate papers, Trustee made an offer of proof that Judd would only base his testimony on the Initial Report. (Trial Trans. at 12; Reply at 9.) Trustee argues that allowing Judd to testify based on the Initial Report would remedy any such prejudice. (Reply at 9.) However, because the Initial Report was never offered into evidence, allowing Judd to offer such testimony in mid-trial would have circumvented the bankruptcy court's explicit order regarding presentation of evidence.

Finally, Trustee did not request the bankruptcy court to continue trial to allow Appellees to depose Judd to remedy any potential prejudice, instead raising the issue for the first time in Trustee's appellate papers. (See Mem. at 13.)

---

[6] The bankruptcy court's Order Re Presenting Evidence mandated that all exhibits the Parties intended to introduce must be attached to a declaration. (Findings at 2, § 1.) The Trustee undoubtedly understood this requirement as he attached the *December 2012 Report* to Judd's Trial Declaration. (See id. at 4, § 10.) The Parties agree the Initial Report was never attached to a declaration and Trustee never filed a motion or otherwise requested the court to amend Trustee's Exhibit List to include the December 2012 Report. (Id. at 4-5, § 14, 18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx)<br>USBC Central District of California - Los Angeles,<br>2:08-bk-32349-BR<br>    Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

Accordingly, the record contained ample evidence to support the finding that Trustee had failed to comply with the court's orders with respect to the conduct of the trial and that the Trustee's conduct if allowed would have resulted in prejudice to Appellees. The finding is supported by substantial evidence and was not clearly erroneous.

> ### b. Finding 22: It Would Be Extremely Prejudicial to Appellees for the Court to Admit Judd's Trial Declaration, the December 2012 Report Attached Thereto, and/or Judd's Reply Declaration Into Evidence

The bankruptcy court found as follows:

> It would be extremely prejudicial to Appellees for the Court to admit the Judd trial Declaration, the December 20 [2012] Report attached thereto and/or the Judd Reply Declaration into evidence.

(Findings at 6, § 22.)

Judd's Trial Declaration was based on the December 2012 Report, which was attached thereto. (See ER II, Tab 20 [Trial Declaration of David H. Judd ("Trial Decl. of Judd")] at 4, ¶ 3 (adopting the opinions and statements of the December 2012 Report and incorporating the December 2012 Report "as [his] testimony except where [he has] stated differently in th[e] Declaration.").) The December 2012 Report was filed after the deadlines for the designation and exchange of reports for experts and rebuttal experts. (Findings at 2, § 1; Id. at 4, § 10.) When Appellees objected to Judd's Trial Declaration and the December 2012 Report, Trustee used Judd's Reply Declaration to "explain[] the [December 2012 Report] and the reasons therefor." (Mem. at 8.) As the only proffered basis for Judd's Trial Declaration was the sole attachment, the December 2012 Report, and Judd's Reply Declaration attached no exhibits but purportedly explained the reasons for the December 2012 Report, both declarations and the December 2012 Report were inextricably intertwined. (Id. at 6.) Admitting Judd's Trial Declaration, which is solely based on the December 12 Report, or Judd's Reply Declaration, which explains the changes to the Initial Report in drafting the December 2012 Report, would be tantamount to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-02664 GAF (JCGx) <br> USBC Central District of California - Los Angeles, <br> 2:08-bk-32349-BR <br>    Adversary Case: 2:10-ap-3428-BR | Date | November 6, 2014 |
|---|---|---|---|
| Title | In re: EZRI NAMVAR | | |

admitting the December 2012 Report.

  As stated previously, relying on the only timely served expert report, the Initial Report, Appellees made several strategic decisions, including declining to designate a rebuttal expert or to depose Judd. (McCarthy Decl. § 3.) It would clearly prejudice Appellees to allow Trustee to now offer the December 2012 Report, which was served after Appellees made strategic decisions based on the timely served Initial Report and when the December 2012 Report was served after Appellees' opportunity to designate a rebuttal expert had expired. Correspondingly, Judd's Trial Declaration, based on the December 2012 Report, and Judd's Reply Declaration, explaining the changes in the December 2012 Report, would impose identical prejudice.

  Accordingly, there is sufficient evidence that the Court cannot see clear error in the bankruptcy court's finding that Appellees would suffer prejudice if Judd's Reply Declaration, the December 2012 Report, or Judd's Reply Declaration were admitted. It must therefore be **AFFIRMED**.

**IV.**

**CONCLUSION**

  Having concluded that the bankruptcy court's exclusion of evidence were proper, the Court **AFFIRMS** in all respects the judgment of the bankruptcy court.

  **IT IS SO ORDERED.**

**cc: Bankruptcy Court**